# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TRI-COUNTY HOSPICE, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-244-RAW |
| | ) |
| **KATHLEEN SEBELIUS,** Secretary | ) |
| of the U.S. Department of Health and | ) |
| Human Services, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court are the cross motions of the parties for summary judgment. This is the third case before this court involving the same parties. Plaintiff is a Medicare certified hospice provider in Idabel, Oklahoma. Such hospice providers are paid by Medicare but such payment may not exceed the "cap amount" for the year. If the payment amount exceeds the cap amount, the hospice provider must refund the overpayment to Medicare. Plaintiff argues again that the Medicare regulation governing calculation of the cap, 42 C.F.R. §418.309(b), is contrary to the plain language of the pertinent statute, 42 U.S.C. §1395f(i)(2)(C). In case no. 08-cv-273-RAW, plaintiff sought review of the cap demands for FY 2005 and FY 2006. In case no. 09-cv-407-RAW, plaintiff sought similar review for FY 2007.

In the previous cases, the court ruled in plaintiff's favor and found the regulation invalid. This court's ruling is presently on appeal to the United States Court of Appeals for

the Tenth Circuit. In the case at bar, plaintiff now seeks review as to FY 2008[1].

Cross motions for summary judgment are treated separately; the denial of one does not require the grant of another. *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1030 (10th Cir.2007). The standard for granting summary judgment is contained in Rule 56(c)(2) F.R.Cv.P.

This case presents a different posture than the previous cases. A case of this type comes before a federal court by way of the Provider Reimbursement Review Board (PRRB). If a provider is dissatisfied with its payment determination, it may obtain a hearing before the PRRB. One requirement is that the amount in controversy be $10,000 or more. *See* 42 U.S.C. §1395oo(a)(2). Once the PRRB determines it has jurisdiction, it may then decide it lacks authority to decide a question of law presented by the appeal (the PRRB may not rule a regulation invalid, so a challenge to a regulation will produce such a decision by the PRRB) and will grant expedited judicial review (EJR).

In the case at bar, the PRRB said the amount in controversy element was satisfied, without elaboration. The Secretary, however, issued a subsequent decision purporting to "reverse and vacate" the PRRB's determination to grant EJR to plaintiff. That administrative decision holds that plaintiff is required to submit to the PRRB a comparative calculation (i.e., (1) under the regulation and (2) without the regulation) from which the PRRB can determine with greater specificity that the amount in controversy is in fact $10,000 or more. Thus,

---

[1]The defendant made its demand regarding FY 2008 on February 2, 2010, before this court's ruling on March 8, 2010 that the regulation was invalid.

defendant argues, because the PRRB's grant of EJR is not a final decision, plaintiff has failed to exhaust administrative remedies and this court lacks jurisdiction[2].

At least two district courts have rejected this argument by the Secretary, finding that it contradicts the statutory grant of review contained in 42 U.S.C. §1395oo(f)(1). *See Harris Hospice, Inc. v. Sebelius,* 2011 WL 42894 (E.D.Tex.2011) and *Affinity Healthcare Sers. Inc. v. Sebelius,* 2010 WL 4258989 (D.D.C.2010). This court finds these decisions persuasive and concludes it has jurisdiction.[3]

Turning to the challenge to the "Medicare cap" regulation itself, the court reaffirms its previous rulings that the regulation is invalid. Arguably, such a new determination is not necessary, because the court's final judgment and order of remand (#51) in case no. 08-cv-273-RAW stated that "defendant is hereby enjoined from henceforward using 42 C.F.R. §418.309(b)(1) to calculate the maximum amount to be paid to plaintiff for hospice care, as contemplated by 42 U.S.C. §1395f(i)(2)." (Emphasis added). By operation of law, defendant's assessment for FY 2008 (although entered before the court's injunction) is void *ab initio*. In any event, the court reiterates its ruling.

---

[2] The Secretary can point to regulatory language that she may review whether the PRRB itself had jurisdiction to issue an EJR decision. *See* 42 C.F.R. §§405.1875(a)(2)(iii) and 405.1842(g)(1).

[3] The court additionally concludes that the decision by the Secretary was arbitrary and capricious, for the reasons stated in this court's order of November 19, 2010 in *Caring Hearts Hospice, Inc.v. Sebelius,* 10-cv-232-RAW (#30).

3

It is the order of the court that the motion of the defendant (#28) is hereby DENIED.

The motion of the plaintiff (#22) is hereby GRANTED.

**IT IS SO ORDERED** this 24th day of JANUARY, 2011.

**Dated this 24th Day of January 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0